**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50629
Summary Calendar
_____


SIMONA M. MEDRANO,

                                    Plaintiff-Appellant,

VERSUS

SHUFFIELD NURSING HOME, INCORPORATED,

                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Texas
(A-95-CV-658)
_____

January 10, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


    Simona Medrano appeals a summary judgment in favor of Shuffield Nursing Home, Incorporated, on her discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1988).  Finding no error, we affirm.

---

    [*] Pursuant to 5TH CIR. R. 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medrano, a sixty-one-year-old woman, had been employed by Shuffield as the nursing home floor charge nurse for nearly five years prior to her re-assignment to Shuffield's Restorative Care Program ("RCP"). According to Shuffield, it had received numerous complaints about Medrano's charting and documentation of patient records, for which Medrano was verbally reprimanded and given written warnings, and decided to transfer her to the RCP to avoid having to terminate her employment.[2] Medrano received the same benefits and maintained identical work hours in the RCP position as she had previously as a charge nurse.

Medrano contends that the re-assignment to the RCP was a demotion motivated by Shuffield's belief that she was too old to perform satisfactorily her functions as charge nurse. As a result of the transfer, Medrano asserts, she was unable to perform the duties necessary to maintain her skills as a licensed vocational nurse and thus was forced to, and did in fact, resign her employment in June 1995.

Medrano filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that Shuffield's actions in transferring her to the RCP violated the ADEA. The EEOC issued a right to sue letter in July 1995, and Medrano filed this action in

---

[2] Among those noting Medrano's poor documentation was the Texas Department of Human Services ("TDHS") during a January 1995 inspection of the facility. Shuffield was given 45 days to either remedy all of its deficiencies, including its documentation problems, or be closed by TDHS.

October 1995. After Shuffield filed its motion for summary judgment and Medrano failed to file a response within the allotted time, the court granted Shuffield's motion.[3]

## II.

We review a grant of summary judgment *de novo*. *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

To establish a *prima facie* case of discrimination under the ADEA, the plaintiff must prove that (1) she is in the protected group; (2) she has been adversely affected by an employment decision; (3) she was qualified to assume another position at the time of the discharge; and (4) she was replaced by someone outside the protected group, replaced by someone younger, or otherwise discriminated against based upon age. *See Rhodes v. Guiberson Oil*

---

[3] Medrano's attorney subsequently petitioned the court to reconsider its summary judgment motion, arguing that she had "mis-calendered" the reply date for her summary judgment opposition brief. According to the attorney, she believed erroneously that she had 20 days from Shuffield's filing of its motion for summary judgment to file her response, when in fact the local rules for the Western District of Texas allow 11 days. *See* W.D. TEX. LOCAL RULE CV-7(f). Medrono's attorney protested that she was unfamiliar with the local rules, but the court noted that she had been admitted to practice in the district and that to be admitted, she had certified that she had read, was familiar with, and complied with all local rules. The court denied the motion to reconsider, and that order has not been appealed.

*Tools*, 75 F.3d 989, 992 (5th Cir. 1996) (en banc). Once she has so done, the employer must proffer a legitimate, non-discriminatory reason for the employment action. If the employer does so, the plaintiff must prove that this non-discriminatory reason is a mere pretext. *See id. at* 992-93.

The district court concluded correctly that Medrona had failed to establish her *prima facie* case of age discrimination. Although Medrona asserted that she was within the protected class at the time of the alleged discrimination, she presented no evidence to support the other three elements of her *prima facie* case. In contrast, Shuffield presented ample summary judgment evidence tending to show (1) that Medrona was not qualified for the charge nurse position, as evinced by the numerous complaints regarding her documentation; (2) that she was not adversely affected by the transfer, as she received the same benefits and worked the same hours; and (3) that many other licensed vocational nurses over the age of forty continued working on the nursing home floor after Medrona had been transferred.

The district court further noted that, even assuming Medrona had carried her burden to produce the *prima facie* case, Shuffield had presented a legitimate, nondiscriminatory justification for the transferSSnamely, Medrona's poor charting and documentation performance. Medrona presented no evidence suggesting that Shuffield's proffered justification was merely a pretext for

4

discrimination.

AFFIRMED.